**ISLAND SOFTWARE AND COMPUTER SERVICE, INC., and Michael Brunner, Plaintiffs–Counter–Defendants–Appellants,**

v.

**MICROSOFT CORPORATION, Defendant–Counter–Claimant–Appellee.**

**No. 06–2740–cv.**

United States Court of Appeals, Second Circuit.

June 18, 2008.

Eugene D. Berman, Fine, Fine & Berman, LLP, Melville, NY, for Plaintiffs–Appellants.

Katherine Dugdale, Axinn, Veltrop & Harkrider LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Circuit Judge, and Hon. BARBARA S. JONES, District Judge.*

### *SUMMARY ORDER*

Island Software and Computer Service, Inc. and Michael Brunner (collectively "Island") appeal from a judgment entered on May 10, 2006 by the United States District Court for the Eastern District of New York (Wall, *M.J.*), awarding, *inter alia*, statutory damages and attorneys' fees under the Copyright Act. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Island challenges both the adequacy of the district court's statutory damages assessment and its determination as to the number of works infringed. Both arguments were forfeited when Island failed to raise them upon its first appeal to this Court and we deem them waived. *See Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) ("It would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost."); *see also County of*

---

*Suffolk v. Stone & Webster Eng'g Corp.,* 106 F.3d 1112, 1117 (2d Cir.1997) ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision[.]").

Island's argument that the district court violated our mandate on remand is meritless. Island's argument rests on the fallacy that, since we determined that a finding of willfulness was inappropriate at the summary judgment stage, the district court may not base its award of costs and fees on a finding of objective unreasonableness. We review an award of attorneys' fees in a copyright infringement case for abuse of discretion, *see Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 121 (2d Cir.2001), and review the district court's factual findings guiding its determination for clear error, *see* Fed.R.Civ.P. 52(a)(6); *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.,* 996 F.2d 1366, 1381 (2d Cir.1993). As the district court demonstrated, "the record is replete with evidence that supports" a finding that Island knew that it was distributing infringing software or acted with reckless disregard for Microsoft's intellectual property rights. *Island Software & Computer Serv., Inc. v. Microsoft Corp.,* No. 01–cv–0750, slip op. at 22 (E.D.N.Y. Jan. 24, 2003). The district court's finding that Island acted objectively unreasonably was thus not clearly erroneous. And its award of costs and fees based on that determination was not an abuse of discretion. *See Matthew Bender,* 240 F.3d at 122; *see also Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (approving of the district court's consideration of a party's "objective unreasonableness" when exercising discretion in awarding attorneys' fees under the Copyright Act).

We have considered Island's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**